# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40381
Summary Calendar

JERMAINE WATTS

Plaintiff-Appellant

v.

S SMART, Sergeant Collin County Book-In; E MYERS, Deputy, Collin County;
COLLIN COUNTY SHERIFF'S DEPARTMENT; COLLIN COUNTY; COLLIN
COUNTY DETENTION FACILITY; UNIDENTIFIED OFFICERS, McKinney
Police Department; SHERIFF TERRY BOX, Sheriff Collin County Texas;
MCKINNEY POLICE DEPARTMENT; BEST, McKinney Police Officer;
BLESSING, McKinney Police Officer; LEMONDS, McKinney Police Department;
C WINDSOR, Officer, McKinney Police Department

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-433

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jermaine Watts, Texas prisoner # 173046, appeals the district court's
grant of summary judgment for Defendants Smart and Meyer and Sheriff Box
and Collin County and the dismissal of his 42 U.S.C. § 1983 complaint. As an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

initial matter, Watts's motion to supplement the record is denied as unnecessary because the documents are already in the district court record.

Watts alleged that the defendants used excessive force on him at the Collin County Detention Facility (CCDF) while he was in restraints. Watts does not brief the district court's dismissal of the CCDF, the Collin County Sheriff's Department, and the McKinney Police Department pursuant to FED. R. CIV. P. 12(b)(6). Nor does he address the district court's grant of summary judgment for the unserved defendants. He has therefore abandoned appellate review of the district court's dismissal of those defendants. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Similarly, Watts failed to brief his failure to train allegation against Sheriff Box and Collin County. Accordingly, he has abandoned appellate review of the adverse judgment on that claim. *Id.*

We review the grant of a motion for summary judgment de novo. *Hinojosa v. Butler,* 547 F.3d 285, 295 (5th Cir. 2008). We will affirm a summary judgment if "'there is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Id. (*quoting FED. R. CIV. P. 56(c)). We view the evidence and the inferences from the record in the light most favorable to the nonmovant. *Id.* (citation and internal quotation marks omitted).

The district court determined that Defendants Smart, Meyer, and Box were entitled to qualified immunity. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Lytle v. Bexar County, Tex.*, ___ F.3d ___, 2009 WL 428452, * 3 (5th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Whether a government official is entitled to qualified immunity for an alleged constitutional violation is determined by the two-step analysis of *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 129 S. Ct. 808 (2009). *Lytle*, 2009 WL 428452 at *3.

The threshold constitutional violation question is "whether, taking the

facts in the light most favorable to the plaintiff, the officer's alleged conduct violated a constitutional right." *Id. (citing Saucier,* 533 U.S. at 201). If the court determines that there was a constitutional violation, the court moves to the second step, which involves "determining whether the law was sufficiently clear that a reasonable officer would have known that his conduct violated the constitution." *Id.* Stated another way, the court asks "whether the law lacked such clarity that it would be reasonable for an officer to erroneously believe that his conduct was reasonable." *Id.* at *4.

Whether Defendants Smart and Meyer violated the constitutional rights of Watts as a pretrial detainee is governed by the Due Process Clause of the Fourteenth Amendment. *See Brothers v. Klevenhagen*, 28 F.3d 452, 455-56 (5th Cir. 1994) (citing *Valencia v. Wiggins*, 981 F.2d 1440, 1443-45 (5th Cir. 1993)). The question under this analysis is whether the force applied was "in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Valencia*, 981 F.2d at 1446 (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). Whether Sheriff Box, and concomitantly Collin County, may be held liable under § 1983 depends on whether the Sheriff (1) affirmatively participated in acts that caused the constitutional deprivation, or (2) implemented unconstitutional policies that causally resulted in Watts's constitutional injury. *See Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Gates v. Tex. Dep't of Protective and Regulatory Servs.*, 537 F.3d 404, 435 (5th Cir. 2008); *Williams v. Kaufman County*, 352 F.3d 994, 1013-14 (5th Cir. 2003).

The defendants' attestations that Officer Meyer employed "distraction strikes" conflict with Watts's assertion that the strike came from a punch and the medical records stating the that he received a direct blow from a fist. The videotape the defendants have submitted does not resolve this factual dispute. The defendants' attestations that Watts attempted to bite Officer Meyer is also contradicted by Watts's affidavit. The videotape does not resolve that factual

3

dispute. In fact, the videotape shows that Watts was struck numerous times and kneed several times as he lay face down on the floor of the booking area. Watts has therefore identified record evidence that gives rise to genuine fact issues as to whether the force Sergeant Smith and Officer Meyer applied was excessive and whether their conduct was objectively reasonable. Therefore, the district court erred when it granted Sergeant Smith and Officer Meyer summary judgment. *See Hinojosa,* 547 F.3d at 295; *Valencia*, 981 F.2d at 1446.

Sheriff Box's affidavit establishes, and Watts does not contest, that Sheriff Box had no personal involvement with the force used on him. Watts concedes that the Sheriff's Use of Force policy is not unconstitutional. An official policy, however, can also be "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Brown v. Bryan County, OK*, 219 F.3d 450, 457 (5th Cir. 2000) (internal quotation marks and citation omitted). Watts argues that Sheriff Box condoned a patten of the use of excessive force on CCDF inmates.

Watts's affidavit states that six inmates at the CCDF were assaulted while they were in restraints. He also submitted the affidavits of two of the inmates. These affidavits create a genuine issue of material fact regarding whether Sheriff Box implemented an unconstitutional policy on the use of force. *See Brown*, 219 F.3d at 457; *Valencia*, 981 F.2d at 1443-45. Thus, the district court erred when it determined that, as a matter of law, Sheriff Box enjoyed qualified immunity and was entitled to summary judgment. Concomitantly, the district court erred when it granted summary judgment for Collin County because a municipality is liable under § 1983 if a plaintiff identifies a municipal policy or custom that caused the plaintiff's injury. *See Brown*, 520 U.S. at 403; *Williams*, 352 F.3d at 1013-14.

Accordingly, the district court's summary judgment for Defendants Smart,

Meyer, Box, and Collin County is VACATED, and the case is REMANDED to the district court for further proceedings as to these defendants. The district court's grant of summary judgment for the unserved defendants is AFFIRMED. The district court's Rule 12(b)(6) dismissal of the CCDF, the Collin County Sheriff's Department, and the McKinney Police Department is AFFIRMED. Motion to supplement the record DENIED as unnecessary.